UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:19-14212-ROSENBERG/MAYNARD

JOHN DOE,

    Plaintiff,

v.

CITY OF VERO BEACH,

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant, the City of Vero Beach, filed a Motion to Dismiss on June 26, 2019 after removing this action from state court to this Court. *See* Mot., DE 3; Notice of Removal, DE 1. The motion has been fully briefed. *See* Pl. Resp., DE 13; Def. Reply, DE 15. In addition, on August 7, 2019, the parties contacted chambers with a proposed order, in which the Motion would be granted, and Plaintiff would be given time to amend his Complaint. Upon receiving the proposed order, the Court ordered that a previously set hearing on the Motion would instead be conducted as a status conference. *See* DE 18. At the status conference, all parties and the Court reached agreement that the Motion should be granted, and the Complaint should be dismissed with leave to amend. The Court informed the parties that a written order would follow, to document the Court's analysis of the Complaint.

### I.    BACKGROUND

In his class action complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff "John Doe" claims that the Defendant City violated his Fourth Amendment rights by installing video equipment in a massage parlor and recording the activities within that massage parlor "on a 24/7 basis for a period of approximately 60 days." Compl., DE 1-5, 5. Plaintiff claims that he "had a

reasonable expectation of privacy while receiving massages from licensed therapists in private rooms." *Id.* ¶ 17. Presumably as a result of the video recordings, Plaintiff was "actually charged with a crime of solicitation of prostitution…[and] subject to public humiliation." *See id.* ¶¶ 20-21.

In addition to seeking dismissal of the Complaint on Rule 12(b)(6) grounds, Defendant argues that Plaintiff should not be permitted to proceed under a pseudonym and that Plaintiff's class allegations should be dismissed.

## II. MOTION TO DISMISS

### A. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555 (citation omitted), and must provide sufficient facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," *id.* Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, the "plaintiff's factual allegations are accepted as true. . . . However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Furthermore, under Florida law, "[i]f [a] contract covers plaintiff's claims in clear and unambiguous language, then plaintiff's ability to state a claim upon which relief may be granted, thus surviving this motion to dismiss, depends on the specific terms of the contract, which the court analyzes as a matter of law." *Sarria Holdings, Inc. v. Walgreen Co.*, No. 02-23169-CIV, 2003 WL 1528711, at *2 (S.D. Fla. Jan. 31, 2003).

B. Discussion

Defendant argues that the Complaint does not properly connect Plaintiff's general allegations against various law enforcement agencies to the named Defendant, the City of Vero Beach. In addition, the Defendant asserts that the Complaint does not satisfy the requirements of a *Monell* claim. The Court agrees with both arguments.

Plaintiff's Complaint alleges a Section 1983 action against a municipality, also known as a *Monell* claim. *See Monell v. Dept of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Pursuant to *Monell*:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694. "[T]o demonstrate a *Monell* claim, the plaintiff must show: (1) the violation of a federal right occurred; (2) the existence of a municipal policy or custom; and (3) a causal connection between the violation and the municipal policy or custom. The plaintiff must also show that the

constitutional violation occurred "under color of State law." *C.F.C. v. Miami-Dade Cty.*, 349 F. Supp. 3d 1236, 1255 (S.D. Fla. 2018) (citations omitted).

Significantly, the "touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of civil rights protected by the Constitution." *Hoefling v. City of Miami*, 811 F.3d 1271, 1280 (11th Cir. 2016) (quoting *Monell*, 436 U.S. at 690)). "There must be a direct link between the alleged constitutional violation and the municipal policy or custom." *Marcel v. Metro-Dade Police Dep't*, No. 10-CV-20028, 2010 WL 5865816, at *3 (S.D. Fla. June 28, 2010), report and recommendation adopted, 2011 WL 705709 (S.D. Fla. Feb. 22, 2011) (citing *Snow v. City of Citronelle*, 420 F.3d 1262, 1271 (11th Cir. 2005)). Moreover, to state a *Monell* claim, the plaintiff must demonstrate that the official policy or custom was "the moving force of the constitutional violation." *Henry v. Bradshaw*, No. 07-80916-CIV, 2008 WL 11409965, at *6 (S.D. Fla. Mar. 21, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).

Here, Plaintiff has not sufficiently pled what "custom or policy" of the City of Vero Beach was the "moving force" behind the alleged violation of Plaintiff's Fourth Amendment rights. Plaintiff has generally alleged that various law enforcement agencies in the Southern District applied for "sneak and peak" warrants, used "deceptive methods" to install surveillance equipment, and recorded Plaintiff and others in states of undress. *See generally* Compl., DE 1-5. Nonetheless, these nonspecific allegations are insufficient to make Plaintiff's Section 1983 claim plausible.

In addition, Plaintiff has pled no specific facts to connect the Defendant's surveillance activities to him. For instance, the Complaint does not allege when Plaintiff was allegedly recorded in states of undress, where the surveillance took place beyond the vague assertion that it occurred

4

in a massage parlor, or who was involved in the surveillance efforts that led to Plaintiff being videotaped and ultimately charged with solicitation. In short, Plaintiff has not included sufficient factual detail to make his claim for relief plausible.

Accordingly, Plaintiff's Complaint is **DISMISSED** with leave to file an amended complaint, consistent with this Order. Any amended complaint must allege with greater clarity the custom or policy that led to the constitutional violation and the specific facts of Plaintiff's case that would make plausible his claim that his rights have been violated.

### III. PROCEEDING UNDER A PSEUDONYM

Beyond Defendant's Rule 12(b)(6) argument, Defendant also argues that Plaintiff should not be permitted to proceed anonymously. Mot., DE 3, 3-4. In his response, Plaintiff resists Defendant's arguments and separately moves for leave to proceed anonymously. Resp., DE 13, 3-5.

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a) (2010). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992)). "This creates a strong presumption in favor of parties' proceeding in their own names. Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Id.* "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001).

The rule is not absolute, and a party may proceed anonymously, by showing that he "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315-16 (quotation marks omitted). The Eleventh Circuit has elucidated several factors to be considered in this evaluation:

> (1) whether plaintiffs seeking anonymity are challenging governmental activity; (2) whether they will be required to disclose information of the utmost intimacy; (3) whether plaintiffs will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; (4) whether the plaintiffs were minors; (5) whether they were threatened with violence or physical harm by proceeding in their own names and; (6) whether their anonymity posed a unique threat of fundamental unfairness to the defendant.

*Frank,* 951 F.2d 320, 323. The factors receive considerable weight but are not exclusive; a court should review all circumstances in a given case and "then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id. See also Doe v. Swearingen*, 2019 WL 95548 at *2 (S.D. Fla. Jan. 3, 2019) ("Overall, proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings.")

Turning to the *Frank* factors' application in this case, the third, fourth, and sixth factors are not at issue here. Plaintiff is not a minor. Plaintiff has already been charged with solicitation of prostitution, so the third factor – risk of criminal prosecution, is moot. *See* Compl., DE 1-5, ¶ 20. And, Plaintiff has not argued that there is a *unique* threat of fundamental unfairness to him in this case.

In relation to the first factor, Defendant concedes that this is a case challenging governmental activity. Mot., DE 3, 4. However, the Eleventh Circuit has indicated that this factor alone is not particularly persuasive, let alone dispositive. *See* Frank, 951 F.2d at 323-24 ("[O]ur

prior case law] does not stand, … for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government.").

As to the second factor, disclosure of information of the utmost intimacy, Plaintiff alleges that he must proceed anonymously to "protect his ongoing right of privacy." Compl. DE 1-5, ¶ 3. He also alleges that "anonymity will also work to the benefit of the Defendants by mitigating and minimizing the harmful and damaging potential effects further disclosure would have." *Id*. However, the *Frank* court explicitly stated that "some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." 951 F.2d at 324 (denying plaintiff permission to proceed under a pseudonym sought due to his alcoholism). *See also Raiser v. Brigham Young University*, 127 F. App'x 409, 411 (10th Cir. 2005) (denying a motion to proceed anonymously where plaintiff gave no further basis for his request beyond "harmful and prejudicial information might be made public and might harm his reputation"); *Doe v. Univ. of Miami (Miller School of Medicine)*, 2012 WL 12960871 at *2 (S.D. Fla. Nov. 28, 2012) (denying motion to proceed under pseudonym because "the only mental illness that Plaintiff identifies is ADHD, which generally has been found to be insufficiently stigmatizing.").

As to the fifth factor, risk of physical harm, Plaintiff conclusorily states in his Motion for Leave to Proceed Anonymously (which is embedded in his Response to the Motion to Dismiss), that Plaintiff[] may be subjected to "public condemnation and vigilantism" because of the public's "generalized fear and vilification of 'sexually' related crimes." *See* Resp., DE 14, 4. Although Plaintiff's Complaint alleges "defamation" as part of his damages, he does not allege any threat or risk to his physical safety. *See* Compl., DE 1-5, 6.

Based on the Court's review of the Complaint, DE 1-5, and Plaintiff's embedded Motion for Leave to Proceed Anonymously, DE 13, the Court does not find that this case presents an

7

"exceptional circumstance" justifying Plaintiff's anonymity in the case. Accordingly, on the current record before the Court, Plaintiff's request to proceed anonymously is **DENIED** without prejudice. Accordingly, Plaintiff may file his amended complaint pseudonymously, provided that he contemporaneously files a motion for leave to proceed anonymously. The basis for Plaintiff's request to proceed anonymously must be set forth with specificity in both the Amended Complaint and his Motion for Leave to Proceed Anonymously, which must set forth specific details about the risks this case poses to Plaintiff and relevant legal support for his request.

## IV. CLASS ACTION ALLEGATIONS

The Court denies without prejudice Defendant's request to strike the class action allegation from the current Complaint, or any forthcoming amended complaint. The Court will address arguments regarding class certification upon Plaintiff's Motion to Certify a Class.

## V. CONCLUSIONS

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 3] is **GRANTED**.

2. Plaintiff's Complaint [DE 1-5] is **DISMISSED** without prejudice. Plaintiff's amended complaint is due by no later than August 19, 2019.

3. Plaintiff's Motion for Leave to Proceed Anonymously [contained in DE 13] is **DENIED** without prejudice.

4. If Plaintiff persists in his request to proceed anonymously, Plaintiff is ordered to file a motion for leave to proceed anonymously by no later than August 19, 2019.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of August, 2019.

*[signature: Robin L. Rosenberg]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record