UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JOHN DOE,                                                            CASE NO. 2:19-cv-14212-RLR

    Plaintiff,

vs.

CITY OF VERO BEACH, a Florida
Municipality,

    Defendant.
_____/

**DEFENDANT CITY OF VERO BEACH'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

Defendant City of Vero Beach, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses, and in paragraphs and subheadings corresponding to those of Plaintiff's Amended Class Action Complaint filed August 19, 2019 [Doc. 24], answers and says:

**PARTIES**

1. Denied.

2. Denied.

**INTRODUCTION**

3. Denied.

4. Denied.

5. Admitted that Plaintiff brings this action pursuant to the Fourth Amendment of the Constitution of the United States. Defendant relies on the Fourth Amendment of the Constitution of the United States and interpreting legal authority for its content, meaning, and interpretation. All other allegations and inferences arising therefrom are denied.

6. Denied.

7. Denied.

8. Admitted that Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Defendant relies on 42 U.S.C. § 1983 and interpreting legal authority for its content, meaning, and interpretation. All other allegations and inferences arising therefrom are denied.

## THE PARTIES

9. Without knowledge, therefore denied.

10. Admitted that the City of Vero Beach is a municipal corporation of the State of Florida, in Indian River County, Florida. All other allegations and inferences arising therefrom are denied.

## JURISDICTION AND VENUE

11. Admitted for jurisdiction and venue purposes. All other allegations and inferences arising therefrom are denied.

## FACTUAL BACKGROUND

12. Denied.

13. Denied.

14. The Affidavit For Surreptitious Entry And Installation Of Electronic Surveillance Camera in State of Florida v. Robert Freels, et al., Case No. 312019MM000328A, attached as Exhibit 1 [Doc. 24 – 1] speaks for itself. All other allegations and inferences arising therefrom are denied.

15. The Order For Surreptitious Entry And Installation Of Electronic Surveillance Camera in State of Florida v. Robert Freels, et al., Case No. 312019MM000328A, attached as

Exhibit 2 [Doc. 24 – 2] speaks for itself.  All other allegations and inferences arising therefrom are denied.

    16.    Admitted that video equipment was installed, otherwise denied.

    17.    Denied.

    18.    Denied.

    19.    Denied.

    20.    Admitted that video evidence has been provided to the State Attorney and to criminal defense attorneys in accordance with the law, otherwise denied.

## DAMAGES

    21.    Denied as phrased.

    22.    Denied.

    23.    Denied.

    24.    Denied.

    25.    Without knowledge, therefore denied.

## AFFIRMATIVE DEFENSES

    26.    As its first affirmative defense, Defendant would assert that at all times material hereto, its officers were lawfully exercising their rights as law enforcement officers in a legal manner and in good faith.

    27.    As its second affirmative defense, Defendant would assert that probable cause existed for the law enforcement action taken against Plaintiff, thus barring the Plaintiff's recovery under any theory.

    28.    As its third affirmative defense, Defendant would assert that the incident alleged in the Plaintiff's Amended Complaint was caused in whole or in part by the negligence,

carelessness, wrongful acts and/or misconduct of Plaintiff so as to proximately result or contribute to the alleged incident and alleged damages. Therefore, Plaintiff's recovery, if any, should be barred or reduced by the ratio in which the negligence or carelessness contributed to the alleged incident and alleged damages.

29. As its fourth affirmative defense, Defendant would assert that Plaintiff failed to mitigate his damages, if any, and therefore Defendant is entitled to a set-off or a reduction of any verdict to the extent that Plaintiff has failed to mitigate his damages.

## DEMAND FOR JURY TRIAL

30. Defendant hereby demands a trial by jury as to all issues so triable.

## CLAIM FOR COSTS AND ATTORNEY'S FEES

31. Defendant has been required to retain the services of the undersigned to defend this action and would request it is entitled to all an award of taxable costs, including attorney's fees, pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Fed. R. Civ. P. 11, and the Court's inherent powers.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 3, 2019, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to Bradford L. Jefferson, Esquire, 130 S. Indian River Drive, Suite 402, Fort Pierce, FL 34950, servebradjefferson@yahoo.com.

          */s/ Gail C. Bradford*
          WILLIAM E. LAWTON, ESQ.
          Florida Bar No. 163236
          GAIL C. BRADFORD, ESQ.
          Florida Bar No. 0295980
          Dean, Ringers, Morgan & Lawton, P.A.
          Post Office Box 2928
          Orlando, Florida 32802–2928

5

Tel: 407–422–4310   Fax: 407–648–0233
wlawton@drml–law.com
gbradford@drml–law.com
Attorneys for Defendant, City of Vero Beach

5