UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:19-14212-ROSENBERG/MAYNARD

JOHN DOE,

    Plaintiff,

v.

CITY OF VERO BEACH,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S
<u>MOTION TO PROCEED ANONYMOUSLY</u>**

This matter is before the Court on Plaintiff's Motion to Proceed Anonymously. Mot., DE 23. The Motion is fully briefed. *See* Resp., DE 26; Reply, DE 27.

In his class action complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff "John Doe" claims that the Defendant City violated his Fourth Amendment rights by installing video equipment in a massage parlor and recording the activities within that massage parlor "on a 24/7 basis" for a period of 60 days. Am. Compl., DE 24 ¶ 17. "Defendant, City of Vero Beach, through its police department, violated John Doe's constitutional rights by surreptitiously videotaping him while in a state of undress in a licensed massage parlor." *Id.* ¶ 6. As a result of the video recordings, Plaintiff was "actually charged with crimes of solicitation of prostitution…[and] subject[ed] to public humiliation." *See id.* ¶¶ 20-21. Through his Motion, Plaintiff seeks the Court's leave to proceed anonymously, under the pseudonym John Doe.

This is Plaintiff's second attempt to seek the Court's leave to proceed anonymously. Plaintiff previously sought anonymity by incorporating a motion to proceed anonymously in his Response to the Defendant's Motion to Dismiss. *See* Mot. to Dismiss, DE 3; Resp. & Mot. to

Proceed Anonymously, DE 13, 3-4. In the Court's Order Granting Defendant's Motion to Dismiss, DE 21, the Court also denied Plaintiff's request to proceed anonymously. However, Plaintiff was granted leave to amend his complaint and to file a renewed motion to proceed anonymously:

> Plaintiff may file his amended complaint pseudonymously, provided that he contemporaneously files a motion for leave to proceed anonymously. The basis for Plaintiff's request to proceed anonymously must be set forth with specificity in both the Amended Complaint and his Motion for Leave to Proceed Anonymously, which must set forth specific details about the risks this case poses to Plaintiff and relevant legal support for his request.

*Id.* at 8.

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992)). "This creates a strong presumption in favor of parties' proceeding in their own names. Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Id.* "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001).

The rule is not absolute, and a party may proceed anonymously, by showing that he "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315-16 (quotation marks omitted). The Eleventh Circuit has elucidated several factors to be considered in this evaluation:

> (1) whether plaintiffs seeking anonymity are challenging governmental activity; (2) whether they will be required to disclose information of the utmost intimacy; (3) whether plaintiffs will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; (4) whether the plaintiffs were minors; (5) whether they were threatened with violence or physical harm by proceeding in their own names and; (6) whether their anonymity posed a unique threat of fundamental unfairness to the defendant.

*Frank,* 951 F.2d 320, 323 (per curiam) (affirming the District Court's denial of a plaintiff's anonymity in an employment discrimination case in which the plaintiff claimed he was discriminated against on the basis of a physical handicap, his alcoholism). The factors receive considerable weight but are not exclusive; a court should review all circumstances in a given case and "then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id. See also Doe v. Swearingen*, 2019 WL 95548 at *2 (S.D. Fla. Jan. 3, 2019) ("Overall, proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings.")

Applying the *Frank* factors to this case, the third and sixth factors are not at issue here. Plaintiff is not a minor. And, Plaintiff has not argued that there is a unique threat of fundamental unfairness to him in this case.

In relation to the first factor, challenging governmental activity, Defendant concedes that this is a case challenging governmental activity. Resp., DE 26, 5. However, the Eleventh Circuit has indicated that this factor alone is not particularly persuasive, let alone dispositive. *See* Frank, 951 F.2d at 323-24 ("[O]ur prior case law] does not stand, … for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government."). Under the circumstances of this case, the Court finds that this factor does not weigh in favor of anonymity.

As to the second factor, disclosure of information of the utmost intimacy, Plaintiff alleges that he must proceed anonymously because of his "substantial" privacy rights at issue in this case.

3

Mot., DE 23, 3. Doe goes on to quote *Frank* for the proposition that "social stigma attached the plaintiff's disclosure [of his identity] was … enough to overcome the presumption of openness in court proceedings." *See id.*; *see also Frank*, 951 F.2d at 324 (discussing disclosure of mental illness, homosexuality in the 1970's, and transsexuality in the 1980's). The Court acknowledges that the circumstances of this case and Plaintiff's criminal prosecution are likely embarrassing for Plaintiff, but that is insufficient. The *Frank* court explicitly stated that "some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." 951 F.2d at 324 (denying plaintiff permission to proceed under a pseudonym sought due to his alcoholism). *See also Raiser v. Brigham Young University*, 127 F. App'x 409, 411 (10th Cir. 2005) (denying a motion to proceed anonymously where plaintiff gave no further basis for his request beyond "harmful and prejudicial information might be made public and might harm his reputation"); *Doe v. Univ. of Miami (Miller School of Medicine)*, 2012 WL 12960871 at *2 (S.D. Fla. Nov. 28, 2012) (denying motion to proceed under pseudonym because "the only mental illness that Plaintiff identifies is ADHD, which generally has been found to be insufficiently stigmatizing.").

Here, seeking a massage from a licensed massage parlor is not stigmatized conduct. To the extent Plaintiff argues that being charged with solicitation is sufficiently stigmatizing, the Court disagrees that this weighs in favor of anonymity: The fact that Plaintiff has already been criminally charged weighs *against* anonymity, because his name and association with the massage parlor in question are already a matter of public record. Furthermore, while the *Frank* court acknowledged that admission of "an intent to engage in prohibited conduct [is a] proper factor[] to consider when a plaintiff requests anonymity," Plaintiff here is specifically *not* admitting any intent to engage in

prohibited conduct. 951 F.2d at 324. Indeed, Plaintiff maintains his innocence of the criminal charge against him.

With regard to the third factor, Plaintiff argues that he is risking additional criminal charges by bringing this case. *See* Mot., DE 23, 4. However, Plaintiff has already been charged with solicitation of prostitution, and it does not appear that this litigation would require Plaintiff to disclose any additional facts that are not already known to law enforcement. Plaintiff is <u>not</u> being asked to "admit [his] intention to engage in illegal conduct." *Frank*, 951 F.2d at 323. Instead, Plaintiff appears concerned that state prosecutors will retaliate against him through additional charges. This concern – risking retaliation from the government – is present in *every* case brought against state actors. And, as Defendant points out, "threats of criminal prosecution are not within" Defendant's control, because charging decisions are left to the discretion of the state's prosecutors. *See* Resp., DE 26, 8-9. Thus, this factor does not weigh in favor of anonymity.

As to the fifth factor, risk of physical harm, Plaintiff argues that publicity surrounding massage parlor solicitation cases in South Florida has created a state of danger for Plaintiff: "Doe fears that without anonymity and the continued publicity surrounding his case and other high profile cases of other accused sexual offenders (ie Jeffrey Epstein, Robert Kraft, and the #Metoo Movement), will subject him and his family to unwanted violence and physical aggression." Mot., DE 23, 4. Beyond this conclusory and sweeping statement, Plaintiff provides no evidence that he *personally* faces a risk of physical harm by bringing this case. Nor does Plaintiff provide evidence that any of the dozens of non-billionaires who have been charged with solicitation at Florida massage parlors have faced threats of physical harm.

Based on the Court's review of the *Frank* factors, the Court finds that none of these factors weigh in Plaintiff's favor. As a result, the Court finds that this case does not present an "exceptional

circumstance" justifying Plaintiff's anonymity in the case. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Proceed Anonymously [DE 23] is **DENIED**. Plaintiff is **ORDERED** to file his Amended Complaint with his full name within two business days of the rendition of this Order.

    **DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of September, 2019.

_____<br>
ROBIN L. ROSENBERG<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record