UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19—14212-CIV-ROSENBERG/MAYNARD

J. CHANDLER,

       Plaintiff,

vs.

CITY OF VERO BEACH,

       Defendant.

_____/

## SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

Plaintiff, J. CHANDLER, on behalf of himself and all others similarly situated, files this class action against the CITY OF VERO BEACH, a Florida Municipality, and says:

1. Plaintiff is an adequate class representative because he, like all members of the proposed class, suffered an invasion of privacy injury redressable by 42 USC §1983 and caused by the same unlawful/unconstitutional conduct, including video recording and viewing, committed by the Vero Beach Police Department, a division of the City of Vero Beach, at the same location on approximately the same dates. All class members were

recorded on videotape, without permission, while receiving lawful massage therapy.

2. The members of the class, believed to be approximately 140 persons, are so numerous that separate joinder of each member is impracticable. Further, the claims and defenses of the representative party raise the same questions of law and fact raised and applicable to each class member. The representative party can fairly and adequately protect and represent the interests of each member of the class. Further, prosecution via class action reduces the risk of inconsistent or variant adjudications with respect to the individual class members that could establish incompatible standards of conduct for the party opposing the class and finally adjudications in the class which, as a practical matter, would be dispositive of the interests of other members of the class, who are not parties to the adjudications, whose interests are not otherwise protected.

## INTRODUCTION

3. This is an action based upon the conduct of the Defendant, which included impermissible, non-consensual videotaping of the Plaintiff and other individuals while involved in lawful massages while undressed or semi-undressed.

4. The Fourth Amendment of the Constitution of the United States of America, provides for:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures…

5. As more specifically stated below, Defendant, City of Vero Beach, through its police department, violated J. Chandler's constitutional rights by surreptitiously videotaping him while in a state of undress in a licensed massage parlor located in Vero Beach, Florida, while being given a massage by a licensed masseuse without consent or notice on December 3, 2018.

6. That members of the class were also each videotaped by the Vero Beach Police Department without their knowledge or consent while receiving lawful massages and without notice.

7. This action is brought to hold the City of Vero Beach accountable for these violations of the class members' constitutional rights pursuant to 42 USC 1983 for deprivation under color of state law of rights, privilege and immunities secured by the constitution.

## THE PARTIES

8. Plaintiff, J. Chandler, is an individual resident of Martin County, Florida. Other class members' residence status will be determined during the course of discovery.

9. The Vero Beach Police Department is a law enforcement agency of the City of Vero Beach, Indian River County, Florida.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. 1983.

## FACTUAL BACKGROUND

11. In the late summer of 2018, the Vero Beach Police Department, at the direction of the Chief of Police, began an investigation regarding allegations of potential prostitution at the "East Spa" located in Vero Beach, Florida.

12. After receiving information alleging that illegal prostitution activities were being carried out at the East Spa, the Vero Beach Police Department enlisted a Florida Health Department employee to perform a warrantless search of East Spa in an effort to uncover evidence of illegal activity.

13. Thereafter, the City of Vero Beach, at the direction of its Police Chief, applied for a "sneak and peek" warrant, requesting authorization to

perform monitoring at the spa. (A copy of the Application for Warrant is attached as **Exhibit 1**).

14. Based upon the under oath application for warrant, the Honorable Cynthia Cox, Circuit Judge for the 19th Judicial Circuit, issued the warrant. (Attached hereto as **Exhibit 2**) authorizing monitoring of the spa premises and directing that "…the executing officers shall take steps to minimize the invasion of privacy to any parties not engaged in the unlawful acts set forth in the Affidavit.  The officers shall also make efforts to minimize the disclosure of the surveillance operation to only those sworn law enforcement officers pertinent and relevant to this surreptitious investigation and those sworn law enforcement officers involved in the operation shall be explained this order as well as the Florida State pertaining to contempt of court".

15. Thereafter, the Vero Beach Police Department, at the direction of its Chief and other policy making officials, arranged for the installation of videotape equipment at the spa, and along with Homeland Security, installed the video equipment.  In order to obtain access without disclosure of their intentions, the Vero Beach Police Department arranged for a fake power outage, allowing them to clear the building and enter for their videotape installation.

16. In violation of the specific terms of the warrant issued by Judge Cox, the Vero Beach Police Department, at the direction of the police department Chief and the officers representing the City of Vero Beach, who had final authority on behalf of Vero Beach, to make such decisions, established a policy of surreptitiously videotape recording of all spa patrons for a period of 60 days on a 24/7 basis beginning on November 29, 2018.

17. Not only did the City of Vero Beach Police Department violate the terms of the warrant by recording, as opposed to monitoring, activities within the spa for 60 days on a 24/7 basis, there was absolutely no attempt to "…take steps to minimize the invasion of privacy to any parties not engaged in the unlawful acts set forth in the Affidavit" as ordered by Judge Cox in the warrant.

18. The actions of the Vero Beach Police Department, as described above, represented a reckless indifference to the rights of citizens at the East Spa during the 60 day period during which videotape recordings were made. As Indian River County Judge Menz stated in her Order suppressing all videotapes obtained by the Vero Beach Police Department:

> The fact that some totally innocent women and men had their entire lawful time spent in a massage room fully recorded and viewed intermittently by a detective-monitor is unacceptable…

19. The City of Vero Beach Police Department, in possession of 60 days of videotape showing members of the public in various states of undress receiving lawful massages, is now subject to the public's right of disclosure to this evidence. It is believed that the videotapes have been viewed by and within the law enforcement community by various persons and that they have been disseminated to lawyers and possibly the public via public records request.

## **DAMAGES**

20. Plaintiff, J. Chandler, and other class members, have actually been charged with crimes, including solicitation of prostitution. J. Chandler has pled, and is, not guilty of any such offense and has had to retain counsel at his expense.

21. J. Chandler, and other class members, have been subjected to public humiliation by being identified as participants in prostitution and sex trafficking. Their mug shots have been published incessantly in the press and social media. The members of the class have suffered emotional upset, depression, loss of self- esteem and other damages as a result of the unlawful, unconstitutional conduct by the Defendant.

22. As a direct and proximate result of the defendant's actions, all of the class members have suffered financial losses from loss of employment, loss of

economic opportunity, damage to their familial positions and fees for attorneys to represent them.

23. The aforementioned actions of the Vero Beach Police Department are in clear violation of the Plaintiffs' constitutional rights pursuant to the Fourth Amendment.

24. Plaintiff, J. Chandler has retained the undersigned to represent him and has agreed to pay him for his services.

## PRAYER FOR RELIEF

J. Chandler, on his behalf and on behalf of the class, asks the Court to award money damages as well as attorneys fees and costs incurred in connection with this action.

Trial by jury is demanded on all issues.

BRADFORD L. JEFFERSON, P.A.
Counsel for Plaintiff
130 S. Indian River Drive, Suite 402
Fort Pierce, Florida 34950
Telephone: (772) 468-8887

By: _____
Bradford L. Jefferson
Florida Bar No.: 197270
Email: servebradjefferson@yahoo.com
dawn@bradfordljefferson.com