UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

J. CHANDLER,                                              CASE NO.: 2:19-cv-14212-RLR

      Plaintiff,

vs.

CITY OF VERO BEACH, a Florida
Municipality,

      Defendant.
_____/

### DEFENDANT, CITY OF VERO BEACH'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND FOR SANCTIONS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant, City of Vero Beach files this Motion to Dismiss Plaintiff's Second Amended Class Action Complaint For Violation Of Constitutional Rights filed September 16, 2019 [Doc. 33], as the Complaint fails to fully identify Plaintiff as ordered by this Court, and shows the Court as follows:

**I.   Introduction**

Plaintiff, "John Doe" originally filed his "Class Action Complaint for Violation of Constitutional Rights" on May 25, 2019, in the 19th Judicial Circuit Court of Indian River County, alleging claims related to the "impermissible, nonconsensual videotaping of the Plaintiff and other individuals while involved in lawful massages while undressed or semi – undressed." (*See* Defendant, City of Vero Beach's Notice of Removal filed June 19, 2019 [Doc. 1]; *see also* Second Amended Class Action Complaint for Violation of Constitutional Rights filed September 16, 2019 [Doc. 33], ¶ 3.)

Defendant, City of Vero Beach was timely served and in response filed a Motion to

Dismiss on June 26, 2019 [Doc. 3].  The City's Motion to Dismiss asserted in part that Plaintiff had not pled sufficient information or followed proper procedure to allow him to proceed anonymously.  (*Id.*, at pages 3 – 5.)  In Plaintiff's Response to the City's Motion to Dismiss, Plaintiff included a Motion for Leave to Proceed Anonymously. (*See* Plaintiffs' Opposition To Defendants' Motion To Dismiss The Complaint And Incorporated Motion For Leave To Proceed Anonymously filed July 26, 2019 [Doc. 13], pages 3 – 4.)

On August 8, 2019, the Court granted the City's Motion to Dismiss Plaintiff's original Complaint and denied Plaintiff's request to proceed anonymously [Doc. 21].  However, Plaintiff was given leave to file an amended complaint anonymously provided he contemporaneously filed a motion for leave to do so.  (*Id.* at pages 5 – 8.)  Plaintiff, still identified as "John Doe," filed his Amended Class Action Complaint for Violation of Constitutional Rights on August 19, 2019 [Doc. 24]. Plaintiff also filed a Motion to Proceed Anonymously [Doc. 23] "to protect his ongoing rights of privacy . . ."

The Court denied Plaintiff's Motion to Proceed Anonymously on September 10, 2019 [Doc. 30].  The Court again analyzed and detailed the pseudonym pleading standard and applicable authorities and determined that Plaintiff provided insufficient information to support his request to proceed under the pseudonym of John Doe. (*Id.*)  The Court then wrote as follows :

> Plaintiff is **ORDERED** to file his Amended Complaint with his full name within two business days of the rendition of this order.

(*See* Order filed September 10, 2019 [Doc. 30] at page 6.)

Plaintiff failed to meet the two business day deadline[1] but on September 16, 2019, filed his Second Amended Class Action Complaint for Violation of Constitutional Rights [Doc. 33].

---

[1] On September 16, Plaintiff also filed an Unopposed Motion to Extend Time for Filing Amended Complaint [Doc. 32].

Plaintiff's Second Amended Class Action Complaint identifies himself only as "J. Chandler" in both the case caption and in the body of the Second Amended Complaint.  There is no further information other than that "J. Chandler" resides in Martin County, Florida.

On September 16, 2019, undersigned counsel requested that Plaintiff's counsel file some sort of document or another complaint fully identifying Plaintiff to avoid the need for a motion to dismiss.  (*See* September 16, 2019, 6:46 PM email correspondence from Gail Bradford to Bradford Jefferson attached hereto as Exhibit A.)  Plaintiff's counsel responded on September 18, 2019, providing Plaintiff's full name as "Jefferey Chandler" and referred defense counsel to police records and advised that "The Vero Beach Police Department has the arrest affidavit was [sic] full information." (*See* September 18, 2019, 9:58 AM email correspondence from Bradford Jefferson to Gail Bradford attached hereto as composite Exhibit B.)  Undersigned defense counsel attempted to research the identity of Plaintiff "J. Chandler" and identified another "Jeffrey Chandler" of Fort Pierce and Stuart, Florida. (*See* September 18, 2019, 10:19 AM email from Gail Bradford to Bradford Jefferson attached hereto as composite Exhibit B.) In response, Plaintiff's counsel identified yet another "Jeffery" Chandler.  (*See* September 18, 2019, 10:30 AM email correspondence from Bradford Jefferson to Gail Bradford attached hereto as composite Exhibit B.)

On September 23, 2019, undersigned defense counsel tried once again to avoid the need for a motion to dismiss Plaintiff's operative Complaint, asking whether Plaintiff's counsel would reconsider his position as this Court's Order directed that Plaintiff include his full name in an amended complaint. By this point, Plaintiff had been possibly identified by no less than one pseudonym and three other names: John Doe, J. Chandler, Jefferey Chandler, and Jeffery Chandler.  (*See* September 23, 2019, 5:26 PM email from Gail Bradford to Bradford Jefferson

attached hereto as composite Exhibit B.) Plaintiff's counsel appeared to agree. (*See* September 24, 2019 9:36 AM email correspondence from Bradford Jefferson to Gail Bradford attached hereto as composite Exhibit B.) Undersigned defense counsel suggested a motion to amend the complaint to comply with this Court's Order. (*See* September 24, 2019, 10:02 AM email correspondence from Gail Bradford to Bradford Jefferson attached hereto as composite Exhibit B.) Receiving no response, and facing a deadline to respond to Plaintiff's Second Amended Complaint, Defense counsel followed up on September 26, 2019. (*See* September 26, 2019, 1:07 PM email correspondence from Gail Bradford to Bradford Jefferson attached hereto as composite Exhibit B.)

On September 27, 2019, Plaintiff's counsel agreed to amend the Complaint. (*See* September 26, 2019, 2:05 PM email correspondence from Gail Bradford to Bradford Jefferson attached hereto as composite Exhibit B.) However, Plaintiff's counsel requested additional time. Because it makes no sense to respond to a complaint that the parties agree would be amended, undersigned defense counsel agreed to file a motion to extend Defendant's time to respond to the operative complaint to October 4, 2019. (*See* September 27, 2019, 2:53 PM email correspondence from Gail Bradford to Bradford Jefferson attached hereto as composite Exhibit B.) Based on Plaintiff's representations, Defendant filed its Unopposed Motion for Extension of Time to Respond to Plaintiff's Second Amended Complaint on September 29, 2019 [Doc. 37]. This Motion for Extension of Time was filed specifically to give Plaintiff's counsel additional time to file an amended pleading that complied with this Court's Order and in lieu of a motion to dismiss. (*See* Defendant, City of Vero Beach's Unopposed Motion for Extension of Time to Respond to Plaintiff's Second Amended Complaint filed September 29, 2019 [Doc. 37].) This Court granted Defendant's Motion via paperless order [Doc. 38], allowing Defendant until

4

October 4, 2019, to file a response to Plaintiff's Second Amended Complaint.

On October 2, 2019, Plaintiff's counsel asked about filing an unopposed motion to amend the Complaint naming "Jefferey D. Chandler" as plaintiff. (*See* October 2, 2019, 3:49 PM email correspondence from Bradford Jefferson to Gail Bradford attached hereto as composite Exhibit C.) Undersigned defense counsel again responded for the third time that there was no objection. (*See* October 4, 2019, 9 AM email correspondence from Gail Bradford to Bradford Jefferson attached hereto as composite Exhibit C.)

Unfortunately, Plaintiff has failed yet again to timely file an amended pleading that complies with this Court's Order. Furthermore, Plaintiff's actions are in contradiction with the agreement between counsel and only serve to delay the progress of this case. Therefore, Defendant now moves to dismiss Plaintiff's Second Amended Complaint and moves for sanctions.

## II.     Legal Argument and Citation of Authorities

### A.     Plaintiff "J. Chandler's" Second Amended Complaint should be dismissed

Rule 10(a) of the Federal Rules of Civil Procedure provides that "The title of the complaint must name all the parties." However, Plaintiff has continually failed to name himself and therefore has not complied with Rule 10(a). Defendant incorporates by reference all arguments raised in its initial Motion to Dismiss [Doc. 3], in its Reply to Plaintiff's Opposition to the Motion to Dismiss [Doc. 15], and in its Response to Plaintiff's Motion to Proceed Anonymously [Doc. 26].

Moreover, this Court has already explicitly ordered Plaintiff to "file his Amended Complaint *with his full name*." (Order filed September 10, 2019 [Doc. 30] at page 6) (emphasis added). Plaintiff's identification of himself by his first initial willfully disobeys this Court's

5

Order.  Plaintiff has tried twice to proceed anonymously. Both efforts have been denied by this Court. Plaintiff's gamesmanship in partially identifying himself by his first initial is wholly improper. Identification of a party by their full Christian name is the safest designation to ensure proper identification. *See* Kreitlein v. Ferger, 238 U.S. 21, 28–29, 35 S. Ct. 685, 687–688, 59 L. Ed. 1184 (1915).  Furthermore, "the [Federal Rules of Civil Procedure] provide no exception that allows parties to proceed anonymously *or under fictitious names such as initials*."" W.N.J. v. Yocom, 257 F. 3d 1171, 1172 (10th Cir. 2001) (emphasis added).

The Court has ordered Plaintiff to fully identify himself, that is, to use his full name on his complaint. Plaintiff has repeatedly refused to do so. Therefore, Plaintiff's claims should be dismissed with prejudice

### B. Plaintiff should be sanctioned for failure to comply with this Court's Order and failing to timely file a proper amended complaint

This Court has set forth a very basic requirement, that is, that Plaintiff file an amended complaint with his full name. Plaintiff has been given additional time to file his amended complaint. Defendant has filed a motion to allow Plaintiff even more time to file his amended complaint. Plaintiff has repeatedly represented that he would be filing an amended complaint. Defendant even filed the necessary motion to make accommodations for Plaintiff and to give Plaintiff the requested time to file a proper amended complaint. Yet Plaintiff has completely failed to take advantage of the repeated opportunities to file a proper pleading.

Quite simply, it should not be this hard to identify Plaintiff.  And Defendant has a right to know who is suing it.

Defendant has been forced to file a Motion for Extension of Time [Doc. 37].  Now Defendant must file a Motion to Dismiss Plaintiff's Second Amended Complaint as Plaintiff has failed to file the Third Amended Complaint, despite his representation that he would do so.

Plaintiff is now proceeding in bad faith and has unduly multiplied the proceedings. Pursuant to this Court's inherent powers and 28 U.S.C. § 1927, Defendant asks that Plaintiff be sanctioned. Defendant asks that Plaintiff's Second Amended Complaint be dismissed with prejudice. At a minimum, Defendant should be reimbursed for time spent and motions filed in order to facilitate Plaintiff's efforts, by agreement, to file a proper amended complaint as ordered by this Court.

### III.   Conclusion

Based on the arguments and citations of authority set forth above, Plaintiff's Second Amended Complaint should be dismissed. Plaintiff has failed to comply with this Court's Order directing that he file amended complaint with his full name. Furthermore, Plaintiff is acted in contradiction to agreements and representations that he would be filing an amended complaint. Plaintiff should be sanctioned for this behavior to deter future similar behavior.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order granting its Motion to Dismiss and for such other and further relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 4, 2019, I electronically filed this Motion to Dismiss Plaintiff's Complaint with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to Bradford L. Jefferson, Esquire, 130 S. Indian River Drive, Suite 402, Fort Pierce, FL  34950, servebradjefferson@yahoo.com.

*/s/ Gail C. Bradford*
WILLIAM E. LAWTON, ESQ.
Florida Bar No. 163236
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802–2928
Tel:  407–422–4310   Fax:  407–648–0233

wlawton@drml–law.com  
gbradford@drml–law.com  
Attorneys for Defendant, City of Vero Beach