**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 2:19-CV-14212-ROSENBERG/MAYNARD**

JEFFREY D. CHANDLER,

    Plaintiff,

v.

CITY OF VERO BEACH,

    Defendant.
_____/

## ORDER STAYING CASE

THIS CAUSE is before the Court *sua sponte*. Plaintiff Jeffrey D. Chandler filed his original complaint under the name "John Doe" in state court on May 25, 2019, claiming under 42 U.S.C. § 1983 that Defendant violated the Fourth Amendment by surreptitiously videotaping him receiving a massage in the course of a prostitution investigation. DE 1-5. Defendant City of Vero Beach removed to this Court and moved to dismiss the complaint. DE 1, DE 3. The Court dismissed the complaint without prejudice, requiring Plaintiff to amend and to file a motion to proceed anonymously. DE 21. Plaintiff did so, DE 23–24, and the Court denied the motion, ordering Plaintiff to file an amended complaint identifying himself. DE 30. Plaintiff filed a Second Amended Complaint, identifying himself as "J. Chandler." DE 33. Defendant moved to dismiss on the grounds that this identification failed to comply with the Court's prior order. DE 39. Plaintiff then filed an unopposed motion for leave to file a Third Amended Complaint, contemporaneously filing such complaint which fully identified Plaintiff. DE 40–41.

Once Plaintiff identified himself, the Court ordered briefing from the parties on the status of any pending criminal matters related to the subject matter of this case. DE 42. The Court's Order also asked the parties to address the appropriateness of staying this case under the principles

of *Younger v. Harris*, 401 U.S. 37 (1971), or other applicable abstention doctrines. *Id.* The parties' memoranda revealed that Plaintiff is a defendant in a related criminal case in Indian River County Court arising from the massage spa investigation. DE 44. On May 16, 2019, the County Judge ordered suppression of the videotaped evidence on Fourth Amendment grounds. *Id.* This is the same constitutional violation on which Plaintiff's section 1983 claim before this Court is based. The County Judge certified the suppression issue as a matter of great public importance, facilitating an interlocutory appeal to the Fourth District Court of Appeal in Florida on the Fourth Amendment issue. *Id.* Related appeals were consolidated before the Fourth District Court of Appeal, and a decision is yet to be rendered. *Id.*

In sum, Plaintiff is a party to an ongoing criminal case in which a pending appeal of a suppression order overlaps with the Fourth Amendment question presented here. Neither party opposes a stay of this case until the resolution of the criminal case. *See* DE 43 ("Plaintiff does not oppose a stay of the proceedings pending the outcome of the suppression appeal."); DE 44 (noting that staying the case is "well within the Court's discretion" and that "the parties cannot proceed with certain discovery without potentially violating Mr. Chandler's Fifth Amendment rights"). Therefore, a stay of this case is appropriate. It is

**ORDERED AND ADJUDGED:**

1. Plaintiff's Unopposed Motion to File Amended Complaint [DE 40] is **GRANTED**.

2. Defendant's Motion to Dismiss Second Amended Complaint and for Sanctions [DE 39] is **DENIED AS MOOT**. Such denial is without prejudice with respect to Defendant's request for sanctions.

3. This case is **STAYED**.

4. All pending deadlines are **TERMINATED**.

5. Any party may move for the stay imposed by this Order to be lifted following the disposition of the related criminal case.

6. The Clerk of the Court is directed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES**; this closure shall not affect the merits of any party's claim.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of October, 2019.

                                                         ROBIN L. ROSENBERG
                                                         UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record